## In re KRAUCH et al.
### Patent Appeal No. 2801.

Court of Customs and Patent Appeals.
Feb. 29, 1932.

Hauff & Warland, of New York City (William E. Warland and Patrick J. Whelan, both of New York City, of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner in refusing to allow claims 7, 8, and 9 of an application relating to an invention of a process of manufacturing organic compounds.

Applicants have described the invention in the following language: "This invention has as its object to produce substantial amounts of the said oxygenated organic compounds other than methanol. We have found that such oxygen derivatives, which are partly readily soluble in water, partly insoluble or difficultly soluble and of a more oily nature, are produced in substantial quantities, generally along with greater or less quantities of methanol, when the gas mixture composed as aforesaid of carbon monoxid or dioxid or both and hydrogen or a gaseous hydrocarbon or both, is passed over a contact mass suitable to form methanol at otherwise similar conditions, but at a diminished speed compared with that most

suitable for the formation of methanol, so that the gases are in contact with the catalyst for a greater length of time."

Claims 10 to 19, inclusive, of the application were allowed and are not involved here.

While our consideration of the case does not involve a discussion of the language or subject-matter of the claims, it is regarded as proper to set out herein claims 7 and 8 which are illustrative:

"7. The process of manufacturing oxygenated organic compounds of a higher order than methanol which consists in passing a mixture of an oxid of carbon and a gas containing hydrogen at an elevated pressure and temperature over a contact mass capable of reacting with the said gas mixture to form methanol whereby part of the mixture is converted into methanol and then passing the resulting mixture of methanol, an oxid of carbon and hydrogen over the same contact mass and under the same conditions. `

"8. The process of producing higher molecular organic compounds containing oxygen which consists in catalyzing a gas containing carbon monoxide and hydrogen with a vaporized aliphatic alcohol at an elevated temperature and pressure."

The patent to Wietzel et al., 1,562,480, November 24, 1925, is the reference upon which the two concurring tribunals relied in one ground of rejection.

The appealed claims were rejected by both tribunals upon three grounds: First, the claims are not supported by appellants' disclosure; second, appellants' assignee (I. G. Farbenindustrie, A. G.) has already been given a patent covering the subject-matter of these claims (Wietzell et al., 1,562,480); and, third, the assignee is now precluded from asserting the subject-matter of these claims, having failed at the proper time to bring forward this application for inclusion in interference No. 53,780, Patart v. Wietzel et al., to which it was a party in interest, said interference including as counts present claims 8 and 9, as to which the question of priority was decided against the said assignee.

The Examiner points out that claims 7, 8, and 9 cover substantially the same subject-matter as claims 5, 7, and 2 of the Weitzell patent which was copending with this application, both applications during this copendency being owned by a common assignee.

The tribunals below cited In re Dunbar, 51 App. D. C. 251, 278 F. 334, as authority for their rejection of the claims at bar. They concluded that, under the authority of the Dunbar Case, the acceptance by the common assignee of the Wietzell patent, which contained claims involving the same patentable subject-matter, amounted to an election, and that the said assignee cannot thereafter claim the said subject-matter in another application and thereby extend the monopoly.

Appellants have filed a very long and well-prepared brief in which it is urged with much earnestness that the Patent Office tribunals were in error in their decision in many respects, one of which alleged errors, appellants state, is the finding of the tribunals that the present application was not a sufficient disclosure of the subject-matter of the claims. It is urged that the position of the tribunals in so holding in the case at bar is inconsistent with their action in the interference proceeding above referred to.

It seems unnecessary for us to consider the question of consistency or lack of consistency in the positions taken by the tribunals or appellants in this case and related proceedings, because, as has been aptly suggested by the solicitor for the Patent Office in his brief in this case, since it makes no difference whether the appealed claims read upon the disclosure or do not read upon the disclosure, the result is the same. The solicitor said: "However, altho the question of readability of the claims upon the application disclosure may not be free from doubt, it is at least perfectly clear that the appealed claims either do read upon the disclosure or do not read upon the disclosure. If they do not read, the case is settled on the ground that they are not allowable to appellants. If they do read, then it is obvious that a motion under Rule 109 could have been brought in interference No. 53780, by the common assignee, to have the present application included in the interference since Patart, the adverse interferant, was making in his application present claims 8 and 9 and could also have made claim 7, as hereinbefore pointed out. No such motion was brought, as is conceded in appellants' brief at the bottom of p. 41."

We do not feel called upon to determine the highly technical question as to whether or not the involved claims read upon appellants' disclosure in the application at bar, since we agree with the solicitor that, if the claims do not read upon the disclosure, they are not allowable to appellants in this application, and, if the claims do read upon the disclosure, they should have been considered

in interference No. 53,780, and appellants' failure to move under rule 109 precludes them and their common assignee from asserting the rights to such claims. We think the case of In re Dunbar, supra, and the case of In re Mann & Koppelman, 47 F.(2d) 370, 18 C. C. P. A. 1020, support the decision of the Board of Appeals in its rejection upon these grounds. See, also, In re Austin, 40 F.(2d) 756, 17 C. C. P. A. 1202.

It seems that the main argument of appellants as to why they should be allowed the claims at bar is based upon the fact that the Patent Office tribunals, in certain proceedings in connection with the Wietzell patent, supra, and the interference in which it was involved, should have done certain things and should not have done certain other things.

Whether there was error in the action of the Patent Office tribunals in these respects and whether appellants had proper remedy, if errors were committed, we are not called upon here to determine. In our view, it is clear, upon this record, and as the case is presented here, that appellants are not entitled to the allowance of the appealed claims in the application at bar for the reasons we have hereinbefore suggested.

The decision of the Board of Appeals is affirmed.

Affirmed.