# THE NEW DEPARTURE MANUFACTURING COMPANY *v.* ROBINSON.

---

PATENTS; INTERFERENCE; SIMILARITY OF CLAIMS; RES ADJUDICATA.

1. The issue in an interference, not requiring a "pivoted brake operating member" in a coaster-brake device to be pivoted in any particular manner is readable upon all the applications of a prior interference, all of which disclose a brake operating member pivoted in one manner or another.

2. Where the issue in a two-party interference reads upon the applications of both parties, and also upon those of an earlier three-party inter-

ference to which they were both parties, and in which one of them was awarded priority of invention, the question of priority as between them is *res adjudicata,* even though the application of the unsuccessful party is not the one presented in the former proceeding, since both are disclosed in the present issue; and the unsuccessful party having failed to advance in the prior interference the claim now made by him, which was disclosed in the prior applications, has estopped himself from setting it up. (Citing *Blackford* v. *Wilder,* 28 App. D. C. 535, and *In re Marconi,* 38 App. D. C. 286.)

3. While, under the practice of the Patent Office, a two-party interference is declared where there are claims not readable upon the application of a third party, that is a mere matter of procedure, since the two interferences are concurrently considered upon a single record.

No. 814. Patent Appeals. Submitted November 21, 1912. Decided January 6, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents, in an interference case.               *Affirmed.*

The facts are stated in the opinion.

*Mr. Gales P. Moore* and *Mr. Melville Church* for the appellant.

*Mr. F. B. Brock* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents dissolving an interference on the ground that the question of priority between the parties thereto, Robinson and Copeland, is *res adjudicata* because of a final decision in favor of Robinson in a prior interference. The issue is expressed in a single count, as follows:

"In a bicycle a wheel hub having a braking surface at one side of its center, a driver at the opposite side of its center, a brake co-operating with said braking surface, a pivoted brake operating member angularly movable about its center in the di-

rection of forward rotation of the wheel to apply the brake, a
·drive shaft and connections whereby pressure on the drive shaft
in one direction rotates the wheel forwardly and means where-
by back pedaling applies the brake."

After the declaration of the interference, appellant moved
for a dissolution on the ground that the device of Robinson is
inoperative. Accompanying this motion was an application for
leave to amend by inserting six additional claims. The Ex-
aminer of Interferences thereupon directed the attention of the
Commissioner to interference No. 24,774, in which Copeland
and Robinson and one Townsend were parties, and in which
priority was awarded to Robinson as to all the counts found to
be readable upon the application of all the parties. That de-
·cision was affirmed by this court (*Townsend* v. *Copeland,* 37
App. D. C. 325). The prior interference involved the appli-
·cation of Robinson now before us and an application of Cope-
land filed later than the one herein. Counts 1, 2, 5, 6, 11, and
12 in that interference were found to be readable upon all the
applications, and, as above noted, were awarded to Robinson.
We now reproduce counts 1 and 5 for purposes of comparison
with the count of the present interference, and in this connec-
tion we observe that there is a marked similarity between the
six counts which appellant moved for leave to add to his present
application, and the counts awarded Robinson in the prior in-
terference:

"1. In a hub brake, a coasting-wheel hub provided on its in-
terior with a braking surface, a stationary anchoring plate sup-
ported at one point by the wheel axle and arranged for connec-
tion with the frame of the vehicle at a distance from said axle,
a movable braking element held in nonrotatable position by said
anchoring plate, driving means, and means actuated by reversing
said driving means, for forcing said movable braking element
·outwardly against said braking surface of the hub by pressure
·exerted upon said movable braking element in the direction of
the forward rotation of said hub."

"5. A coasting-brake mechanism comprising a stationary sup-
porting shaft, a wheel hub rotatable thereon and having a brak-

ing surface, a stationary brake member supported by said shaft and engaging the frame of the vehicle at a distance therefrom, a movable brake member secured in nonrotatable position by said stationary member, driving means, means for connecting said hub and said driving means on forward pedaling and releasing the same for coasting, and means for forcing said movable brake member into braking contact with said braking surface of the hub on the reverse movement of said driving means."

The contention of appellant before the Commissioner was, as here, that the invention disclosed in the present application of Copeland is specifically different from the invention disclosed in the application involved in the prior interference; and the further point was made there, as here, that the issue of this interference could not have been included in the prior one because, it was insisted, the issue is not readable upon the application of Townsend involved in the prior interference. The Commissioner ruled that the issue of the present interference is readable upon all the applications involved in the prior one. Answering the contention that the Townsend application discloses no "pivoted brake operating member," the Commissioner pointed out that Townsend's lever "L" responded to that requirement. This ruling we believe to be correct, since the issue does not require this member to be pivoted in any particular manner. The Commissioner further ruled that, even disregarding the application of Townsend in the prior interference, the issue of the present interference being clearly readable upon the applications of Copeland and Robinson in the prior one, the question of priority between these parties is still *res adjudicata*. This position we believe to be well taken. That the present issue is properly readable upon Robinson's application is not disputed by Copeland. It is manifest that the question of the operativeness of the Robinson device might have been raised in the prior interference. That Copeland had two applications is immaterial, since both disclosed the issue herein. *Re Marconi,* 38 App. D. C. 286. The question whether an interference in fact exists depends chiefly upon the subject-matter disclosed, and not merely upon the language of the respective claims. *Black-*

*ford* v. *Wilder,* 28 App. D. C. 535, 544. While, under the practice of the Patent Office, a two-party interference is declared where there are claims not readable upon the application of a third party, that is a mere matter of procedure, since the two interferences are concurrently considered upon a single record. When, therefore, the prior interference was declared, Copeland became aware of the fact that Robinson's application disclosed the issue set forth herein. He was also charged with knowledge of what his own application disclosed. By his failure to advance the claim which he now makes, and which, as we have said, was disclosed in the prior applications, he estopped himself from thereafter setting it up. It is unnecessary to review the authorities, as that has been done with exhaustive care by Mr. Chief Justice Shepard in *Blackford* v. *Wilder,* and in the *Marconi Case.* The decision is thereafter affirmed.

*Affirmed.*