# IN RE CAPEN.

## PATENTS; AMENDMENTS.

Permission to an applicant to amend by presenting new and broader claims is properly refused by the Patent Office, when the amendment is sought to be made after the dissolution of an interference between his and another application. Amendments must be made during the time fixed by rule 109 of the Patent Office, or when a motion for dissolution is made,—not later than that time.

No. 962. Patent Appeals. Submitted January 15, 1915. Decided March 29, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims in an application for patent. *Affirmed.*

The facts are stated in the opinion.

*Mr. G. F. De Wein* for the appellant.

*Mr. Minott E. Porter* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a final decision of the Patent Office refusing a patent on certain claims. An interference was formerly declared between this application and applications of William H.

Lieber and Simonds & Smith.   The interference involved five
counts.   On motion to dissolve as to appellant, Thomas W.
Capen, the examiner held that count 4 was unpatentable, and
that appellant was not entitled to make the other counts.   All
parties acquiesced in the decision as to count 4, and the de-
cision as to the other counts was affirmed by the Examiners in
Chief, whose decision was in turn affirmed by the First Assist-
ant Commissioner.   We reproduce counts 1 and 5 as representa-
tive of the group :

"1.  A rock crusher, comprising a rotatable concave crushing
member, a rotatable convex crushing member internal of the con-
cave member, means eccentrically supporting said members with
the crushing surfaces nowhere in contact with each other, and
means for feeding material from end to end of the members by
the rotation thereof."

"5.  A rock crusher comprising a frame, two parallel rota-
table shafts, one internal of the other, eccentrically carried by
said frame, and coacting crusher heads carried by said rotatable
shafts."

Thereafter appellant presented an amendment containing new
and broader claims, which the Examiners refused to entertain
on the ground that they should have been presented during the
time fixed by rule 109, or at least not later than the time the
motion for dissolution was presented.   He therefore refused to
redeclare the interference.   On appeal to the Assistant Commis-
sioner the decision was affirmed, the Assistant Commissioner
saying:  "The Examiner properly refused to redeclare the in-
terference.   It is not necessary to decide how long after the time
fixed by rule 109 applicant could have presented other claims,
with the request to have them made part of the issue of the in-
terference, but certainly if such action was desired it should
have been taken while the interference was pending, in order
that the question of the admissibility of these claims could have
been ruled on *inter partes;* and applicant cannot now be allowed
these claims."

We agree with the Patent Office tribunals that appellant had
no right to make the claims involved in the interference pro-

ceeding. Inasmuch as the Examiner and the Assistant Commissioner have fully and satisfactorily considered this question, we will not restate the reasons for our conclusion, but merely refer to their decisions.

Rule 109 permits any party to an interference, at any time within thirty days after preliminary statements have been received and approved, to file an amendment to his application, containing any claims which in his opinion should be made the basis of an interference between himself and any of the other parties. It is made the duty of the Examiner of Interferences to transmit the claims thus proposed to the primary examiner for his determination. If the claims are allowed, the interference will be redeclared, or other interferences will be declared, to include the new claims. The object of this rule obviously is to require the parties to an interference to have determined in that proceeding all rights growing out of their respective applications. In other words, the rule affords either party to an interference full opportunity to put in issue matter which he may think patentable or common to the interfering applications, but which was not included in the interference as originally declared by the primary examiner. In this case appellant did not comply with the rules of the office, and file an amendment containing these claims prior to the dissolution of the interference. We therefore agree with the Patent Office that he was thereafter estopped to urge them.                         *Decision affirmed.*