## In re WASSERFALLEN.

(Court of Appeals of District of Columbia. Submitted January 15, 1924. Decided May 5, 1924. Rehearing Denied May 24, 1924.)

No. 1626.

1. **Patents ☞112(1)—Former adjudications in interference proceedings settle every claim which might have been presented.**

In so far as Patent Office and Court of Appeals are concerned, former adjudications in interference proceedings *held* to finally settle every question which might have been presented and determined therein.

2. **Patents ☞106(2)—Reissue claims might have been presented in interference proceedings, where interference applications disclose invention claimed in reissue application.**

Though the language of interference counts differs from that of the claims of reissue application, where interference applications disclose the invention claimed in reissue application, reissue claims were involved, and might have been presented and determined in interference proceedings.

3. **Patents ☞112(4)—Interference applications held to disclose invention claimed in reissue application.**

Interference applications, disclosing an invention for improvement of spare tire carriers for automobiles, *held* to disclose invention claimed in reissue application, and hence interference decision estopped making of reissue claims.

4. **Patents ☞112(1.)—Doctrine of res judicata applicable to patent cases.**

The doctrine of res judicata is as applicable to patent cases as to other litigation.

5. **Patents ☞112(1)—Erroneous decision of Patent Office not subject to collateral attack.**

Where Patent Office tribunals have jurisdiction of subject-matter and parties, their decision, though erroneous, is not subject to collateral attack.

Appeal from the Commissioner of Patents.

In the matter of the application of Charles T. Wasserfallen for the reissue of a patent. From a decision refusing the application, applicant appeals. Affirmed.

Theodore K. Bryant, of Washington, D. C., for appellant.

Theodore A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. This is an appeal from a decision of the Commissioner of Patents, refusing to allow appellant's application for the reissue of his patent, No. 1,279,801.

It appears from the record that on October 30, 1915, Charles F. Wasserfallen filed his application (serial No. 58,740) to patent an improvement on spare tire carriers for automobiles, which improvement provided a means for the ready transportation of automobile tires, and might be quickly withdrawn or replaced without leaving unnecessary projecting parts.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On the 11th day of April, 1916, Chester E. Strifler filed his application (serial No. 90,364) to patent a quickly operating tire-holding device for the rigid retention and speedy release of extra tires on automobiles. On October 9, 1916, Strifler filed a second application (serial No. 124,689) to patent a tire holder to safely support, carry, and rigidly hold extra tires on automobiles, which device might be easily and quickly attached to the existing felloe band tire holder without the employment of special bolts, and without any change in the then prevailing construction of the felloe band holder.

On the 29th of October, 1917, Wasserfallen filed a second application (serial No. 199,153) to patent a spare wheel holding means for automobiles and an arrangement thereof whereby an extra tire rim or wheel might be rigidly secured to the regular spare tire or wheel, so as to preclude rattling. The application of Wasserfallen (serial No. 199,153) was, on the 26th day of December, 1917, declared to be in interference with Strifler's application (serial No. 124,689), which interference was added to interference No. 41,660, between Bradford and Strifler. The subject-matter of the interference was examined and passed on the 27th of December, 1917, and the following counts were established as counts of the interference to be tried and finally determined:

1. A tire carrier comprising a ring on which a tire and rim is adapted to be placed, supports for an additional tire carried thereby, and a pivoted lever adapted to lock one tire on the rim and the other tire on the second supports.

2. A tire holder adapted for connection with the felloe band tire holder equipment of an automobile, comprising brackets for supporting a tire, a clamping member opposite the brackets, means for moving the clamping member into operative position, and means to secure the brackets and clamping member to the felloe band tire holder of an automobile.

3. In a tire holder, the combination with the felloe band tire holder of an automobile which is adapted to receive and support a demountable rim having a tire thereon, of means for supporting a demountable rim with a tire thereon including tire supporting brackets, and a clamping member, both secured to the felloe band tire holder, said brackets and clamp adapted to lock the tire and rim to be supported upon the felloe band holder, against removal therefrom.

About the time this interference was declared, Wasserfallen's application (serial No. 58,740) was examined, allowed, and passed to issue. Notice that application serial No. 58,740 had been examined, allowed, and passed to issue was mailed to Wasserfallen on December 29, 1917. That notice also called attention to the fact that the final fee of $20 should be paid within six months from the date of notice, and that the patent would be withheld until the fee was so paid or the application was renewed on payment of an additional fee of $15.

On June 8, 1918, 22 days before the expiration of the period for paying the final fee, Wasserfallen sought to amend said application by adding thereto three new claims, designated as Nos. 7, 8, and 9. The Examiner reported against allowing the amendments, and the Commissioner refused to permit them to be made by Wasserfallen.

On June 24, 1918, Wasserfallen petitioned that the case be withdrawn from issue, which petition was denied, whereupon Wasserfal-

len, instead of allowing his application to forfeit, paid the final fee and on his application (serial No. 58,740, patent No. 1,279,801) was issued on September 24, 1918.

Wasserfallen began to take testimony in the interference proceeding on June 20, 1918, and Strifler on September 6, 1918. Both parties appeared before the Examiner of Interferences and submitted to him all evidence taken and presumably available in support of their respective contentions as to conception, disclosure, drawings, and reduction to practice. On the evidence so submitted the Examiner of Interferences on March 27, 1919, awarded priority of invention of the subject-matter of the counts in issue to Chester E. Strifler, the senior party. From that decision Wasserfallen appealed to the Examiners in Chief, who on March 22, 1920, affirmed the decision of the Examiner of Interferences, awarding priority of invention to Strifler. On a further appeal by Wasserfallen to the Commissioner of Patents, the decision of the Examiners in Chief was affirmed on May 12, 1920.

From the decision of the Commissioner of Patents Wasserfallen appealed to the Court of Appeals of the District of Columbia, and that court on May 2, 1921, affirmed the ruling of the Commissioner on the evidence disclosed by the record. 272 Fed. 1021, 50 App. D. C. 402.

[1] In so far as the Patent Office and this court are concerned, the adjudications already had in this matter have finally settled, not only the rights of the parties under the issue or counts of the interference, but every question and the rights to every claim which might have been presented and determined in the interference proceedings. Blackford v. Wilder, 28 App. D. C. 535, 542; Cross v. Rusby, 42 App. D. C. 341, 342, 343, 344; Cromwell v. County of Sac, 94 U. S. 351, 352, 353, 24 L. Ed. 195.

[2, 3] The language of the counts of the interference differs, it is true, from that of the claims of the reissue application; nevertheless, if the interference applications disclosed the invention claimed in the reissue application, it must be held that the reissue claims were involved and might have been presented and determined in the interference proceedings. The invention was so disclosed, and it therefore follows that Wasserfallen was estopped by the interference decision from making the reissue claims. New Departure Manufacturing Co. v. Robinson, 39 App. D. C. 504, 507; Blackford v. Wilder, 28 App. D. C. 535, 544, 550; In re Marconi, 38 App. D. C. 286, 293.

[4] To hold that Wasserfallen, by obtaining a reissue of his patent No. 1,279,801, may retry any of the questions involved or which might have been presented in interference No. 41,660, would simply mean almost endless litigation, and that the rights of the parties which it was the purpose of the interference proceeding to determine were left unsettled. We are not willing to go that far, inasmuch as the doctrine of res adjudicata is just as applicable to patent cases as it is to other matters which may become the subject of litigation. In re Marconi, 38 App. D. C. 286, 293.

[5] If the tribunals of the Patent Office having jurisdiction of the subject-matter and of the parties in interference proceedings err in the exercise of that jurisdiction, their decision, though erroneous, is not

subject to attack in a collateral proceeding. If Strifler was improvidently granted a right to amend, or if the right to amend or the withdrawal from issue was improvidently denied to Wasserfallen, the errors resulting should have been corrected on appeal from the interference decision. If they were not so corrected, they certainly cannot now be reviewed on an ex parte appeal from a decision refusing to reissue the patent, which was issued to Wasserfallen upon the voluntary payment by him of the final fees and after withdrawal from issue had been denied. The rulings of which the appellant now complains were or might have been assigned as error on appeal in the interference proceeding, and the questions which he now submits to this court were presented or might have been presented by Wasserfallen therein. Those rulings and questions became res adjudicata by the decision of this court on the appeal taken by him in the interference proceeding, and he cannot at this late day be permitted to relitigate them for the purpose of dominating the patent which that decision awarded to Strifler. In re Barrett's Appeal, 14 App. D. C. 255, 257, 258; In re Marconi, supra, 292, 293.

The decision appealed from is therefore affirmed.