## Application of DOBLE.

(Court of Appeals of District of Columbia. Submitted November 11, 1926. Decided December 6, 1926.)

No. 1887.

**1. Patents ☾109—Applicant for patent, after dissolution of interference, held estopped to amend application by addition of claims necessitating another declaration of interference.**

Where applicant for patent, on declaration of interference with a copending application, failed to present for determination all of his claims relating to the interfering subject-matter, he was, after dissolution of the interference, estopped to amend his application by the addition of claims necessitating another declaration of interference, in view of Patent Office rule 109.

Appeal from Commissioner of Patents.

In the matter of the application of Abner Doble for a patent. From a decision of the Commissioner of Patents, rejecting certain claims presented as amendments to the application, applicant appeals. Affirmed.

C. E. Mehlhope, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, rejecting, upon the ground of estoppel, certain claims presented as amendments to the application, after the dissolution of an interference.

On May 9, 1918, Doble filed an application for a patent for an improvement in steam generator regulation. On September 23, 1919, an interference was declared between this application and one filed by Scott. On February 5, 1920, Doble moved to dissolve the interference upon the ground that Scott had no right to make the two claims corresponding to the issue, and on August 16, 1920, the motion was sustained by the Law Examiner, and the interference was dissolved. Scott then canceled the claims corresponding to the issue, and they were allowed to Doble. A patent was later granted to Scott on his application as thus limited.

On June 6, 1921, about nine months after the interference was dissolved, Doble presented 9 additional claims, all copied from Scott's application, and asked for another declaration of interference with Scott. Afterwards, to wit, on October 21, 1921, Doble presented 13 more claims, copied from Scott's application, and requested "that these claims be included in the interference to be declared with the Scott patent." The Examiner rejected all of these claims as unwarranted by Doble's disclosure, and also upon the ground of estoppel, because of Doble's delay in presenting the claims. The first of these objections was later obviated by the substitution of a new drawing for that first filed by the applicant. This was permitted by the Examiner in accordance with the recommendation of the Examiners in Chief, made upon an appeal to them. The question of new matter was thereby eliminated from the case, but the Examiner renewed his rejection of the additional claims upon the ground of estoppel, and this decision was successively affirmed by the Examiners in Chief and the Commissioner of Patents. This appeal challenges these concurring decisions.

We agree with the decisions. It was Doble's duty, when the interference was pending between his application and Scott's, to present for determination all of his claims relating to the interfering subject-matter, and when he failed to do so, and furthermore failed to file any amendment containing additional claims, he became barred and estopped from subsequently presenting such claims as a basis for another interference with Scott's application. This conclusion follows the provisions of rule 109 of the Patent Office, as determined by this court. In re Capen, 43 App. D. C. 342. In that case the court referred with approval to the following statement of the Examiner, to wit:

"The Examiner properly refused to redeclare the interference. It is not necessary to decide how long after the time fixed by rule 109 applicant could have presented other claims, with the request to have them made

part of the issue of the interference; but certainly, if such action was desired, it should have been taken while the interference was pending, in order that the question of the admissibility of these claims could have been ruled on inter partes, and applicant cannot now be allowed these claims."

We think this ruling is not inconsistent with any of the authorities cited by appellant's counsel. The decision of the Commissioner of Patents is accordingly affirmed.