In re SHIMER.

Patent Appeal No. 3254.

Court of Customs and Patent Appeals.

April 2, 1934.

Usina & Rauber, of Washington, D. C. (Edward W. Shepard, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed his application in the United States Patent Office on August 16, 1928, for a patent upon certain improvements in valves for pumps used in pumping liquids containing large quantities of solid matter. Many claims were attached to the application. Some of these were allowed. Claims 23, 24, 26, 27, and 28 were rejected by both tribunals in the Patent Office, and are brought here on appeal. Claims 24 and 27 are thought to be typical, and are as follows:

"24. In combination, a reversible disc valve having on opposite sides tapered seating surfaces and a groove in the periphery thereof, and an elastic ring having a portion thereof extending into said groove, said ring being under tension when in place on the disc so as to be stretched to a smaller cross-section, and so as to press against the periphery of the disc because of its own tension."

"27. In combination, a body and packing carried thereby comprising an annulus surrounding the periphery of the body, the body and the packing cooperating to provide a reversible valve member formed on each of opposite sides with a substantially continuous inclined seating surface, a portion of each inclined seating surface being formed on the body and a portion thereof on the packing."

The Examiner rejected claims 23, 26, 27, and 28 on the ground of estoppel. Claim 24 was rejected by him on the reference Jones, in view of MacClatchie, and upon the references Kirby and Jones, each taken in view of the other. The Examiner cited the following references: Jones, 839,854, January 1, 1907; Kirby, 1,191,084, July 11, 1916; MacClatchie, 1,785,278, December 16, 1930, filed July 6, 1927.

The decision of the Examiner was affirmed in all respects by the Board of Appeals.

The following description of appellant's device is given by the Examiner, and is concededly correct: "The invention relates to a slush pump valve. A reversible metallic valve disc having a ring of elastic material mounted on the periphery thereof is adapted to reciprocate between an upper and lower guide provided for engagement by an upper and lower guide pin on opposite sides of the valve disc. The disc is provided with a groove in the periphery into which a correspondingly shaped tongue on the packing is forced when the packing is stretched into place on the disc. The metallic disc is provided with a tapered seating face on opposite sides thereof to cooperate with the

tapered seating face of the valve seat and the packing is provided with similar seating faces to form elongations of the first mentioned faces but are offset slightly therewith so that the packing ring seats before the metallic portion in the closing movement of the valve member. A buffer is mounted in the upper guide to stop the upward movement of the valve and to prevent peening of the valve pin. The lower guide member is removably mounted on an annular shoulder provided in the seat ring so that the said guide may be renewed if broken without renewing the associated valve seat. The valve head is reversible in order that both faces of the valve may be used before it becomes necessary to replace said head."

The alleged estoppel is said to arise by virtue of a certain interference proceeding instituted in the Patent Office on June 18, 1929, numbered 57,693. This interference proceeding involved appellant's application here involved, the application of John L. Paterson and Albert B. Edwards, filed February 6, 1929, the application of Louis J. Smith and George B. M. Smith, filed February 11, 1928, and the application of John W. MacClatchie, filed July 6, 1927. On December 13, 1929, this interference was redeclared because of the addition of the application of George J. MacFadden, filed September 20, 1929.

The issue of said interference, both before and after the redeclaration, consisted of two counts, as follows:

"Count 1. A valve including a body and packing mounted thereon, the body forming an inclined seating surface and terminating short of the outer periphery of the valve seat with the periphery of the body forming an annular abutment surface, and the packing comprising a disc adapted for mounting on the body and having a peripheral flange extending axially in both directions and forming inclined end seating surfaces, said packing disc being adapted for reversed mounting on the body so as to engage one or the other of the end portions of the packing flange by the annular abutment surface of the body, and the inclined end seating surface of the engaged end portion of the packing flange cooperating with the inclined seating surface of the body to form a tapering seating surface for the valve.

"Count 2. A valve including a body and packing mounted thereon, the body forming a wear-resisting inclined seating surface, and the packing forming an inclined seating surface at its opposite faces and adapted for reverse mounting relative to the body for juxtaposing either of said inclined packing seating surfaces and the inclined wear-resisting seating surface so as to form a continuous tapering seating surface for the valve."

On September 2, 1929, the party Shimer moved to dissolve the interference on the grounds that count 1 thereof did not read on his disclosure, and that the counts were unpatentable. This motion was denied by the Law Examiner.

On January 23, 1930, the Examiner of Interferences reset the motion period to expire February 24, 1930. On April 12, 1930, the appellant moved in the interference to add counts identical with rejected claims 26, 27, and 28 herein. On April 15, 1930, the Commissioner, by the Law Examiner, refused to set the motion to amend by adding claims, for hearing, on the ground that the same was not seasonably filed.

On July 9, 1930, the Examiner of Interferences adjudged that "none of the parties, John M. Shimer, John L. Paterson and Albert B. Edwards, and George J. MacFadden is the first inventor of the subject matter in issue," without an award of priority. The interference was decided in favor of MacClatchie, and his patent, No. 1,785,278, issued with claims 2 and 5 corresponding to the two counts of said interference.

It is the view of the tribunals and the solicitor for the Patent Office that the subject-matter of appellant's present application, as stated in his claims 23, 26, 27, and 28, was involved in said interference proceeding, and was common to the disclosures of appellant and other parties to said interference; that it was his duty, if he asserted any such claims, to proceed under Rule 109 of the Patent Office to move to amend his application to include the same therein, and to thus procure their addition as counts to the interference or interferences, as the same might be necessary; and that, not having done so, he should now be estopped to make such claims. The principle underlying the application of the doctrine of estoppel is thought by said tribunals to be that to now allow these claims would be to "provide grounds for a new interference involving an application with which the applicant has already been involved in interference."

In response to this the appellant argues that there was no common subject-matter between his application and that of MacClatchie in said interference, but that there was such common subject-matter between his

application and that of Paterson et al., another party thereto, that the addition of said counts would have resulted only in a redeclaration of interference between appellant and the party Paterson et al., which would have resulted in no injury to Paterson et al. This, counsel argues, would bring the case squarely within the doctrine announced by the Court of Appeals in Re Martin, 48 App. D. C. 187. In that case, where estoppel was urged, the court said: "Assuming that Martin should have moved under rule 109, his failure to do so is not shown to have resulted in injury to anyone; therefore, one of the elements necessary to an estoppel is absent."

The doctrine announced in the Martin Case is not in harmony with other decisions of the said Court of Appeals on this subject. These cases hold that if the matter was one which might have been determined in the first interference, the party having a right to have them so determined, who fails to do so, cannot afterward require their consideration. The rule prevails, irrespective of the number of parties in the original interference. In determining whether the same could have been so determined, the interference in fact depends chiefly upon the subject-matter disclosed, and not merely upon the language of the respective claims. The following cases are in point and add no such limitations to the doctrine as are stated in Re Martin, supra; Blackford v. Wilder, 28 App. D. C. 535; New Departure Mfg. Co. v. Robinson, 39 App. D. C. 504; In re Capen, 43 App. D. C. 342; In re Dement, 49 App. D. C. 261, 263 F. 813; Application of Doble, 57 App. D. C. 10, 16 F.(2d) 350. It will be noted that in some of these cases, following the Martin Case, that case is not cited as authority.

Soon after this court took jurisdiction of appeals from the Patent Office tribunals, we took the same view of the matter, and have since continued these holdings. In our first examination of the subject (In re Austin, 40 F.(2d) 756, 759, 17 C. C. P. A. 1202) we said, in part: "* * * Furthermore, if a party to an interference fails to comply with the rules of the Patent Office relative to the presentation of such claims, it is thereafter estopped from presenting them as a basis for another interference between the same parties."

This doctrine of estoppel is further developed in Re Krauch et al., 56 F.(2d) 290, 19 C. C. P. A. 1003; In re Boudin, 58 F.(2d) 448, 19 C. C. P. A. 1187; In re Ellis et al., 47 F.(2d) 963, 18 C. C. P. A. 1060.

It may be stated that this rule works no hardship to him who is diligent in pursuit of his rights. When an interference is declared, the files of his contestants are open to him. He has full cognizance of their disclosures and claims. So advised, it becomes his duty to put forward every claim he has. Rule 109 affords him this opportunity. If the rule be not enforced or enforceable, then delays and litigation are greatly increased. It is quite obvious that the doctrine of estoppel, as applied in these cases, results in the better conduct of the business of the Patent Office and in the public good.

We agree with the Board of Appeals that the appellant is estopped as to claims 23, 26, 27, and 28, and that their rejection therefore was proper.

As to claim 24, the rejection was proper, on the references. The reversible disk tapered valve is shown by Kirby, while the groove in the periphery and elastic ring therein, pressing "against the periphery of the disc because of its own tension," is present in Jones, particularly in figures 4 and 5. Nothing inventive is found in combining these features.

The decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.