### NEWS PROJECTION CORPORATION v. WESTERN UNION TEL. CO.

District Court, S. D. New York.
May 14, 1941.

Statutes No. 4915). The plaintiff is the assignee of application No. 745,600, filed September 26, 1934 by Eitzen, for the reissue of United States letters patent No. 1,822,769; and the defendant is the assignee of letters patent No. 1,968,818, issued August 7, 1934 upon the application of Dirkes and Roberts. The single issue in this case involves the construction and effect of Rule 109 of the Rules of Practice of the United States Patent Office, 35 U.S.C.A. Appendix, in its relation to the particular circumstances of this case.

It is alleged that of the patent which issued to the defendant, claims 1, 3 and 5 are subject-matter described in and covered by claims of the Eitzen patent; and that on the issuance of that patent claims 1, 3 and 5 were copied and adopted in the reissue application for the purpose of testing the question of priority of invention. The examiner refused to declare the suggested interference and finally rejected the said Eitzen application in so far as those three claims were concerned on the ground that the disclosure of the Eitzen patent did not warrant their adoption. The plaintiff thereupon appealed to the Board of Appeals of the United States Patent Office, which board thereupon reversed the primary examiner and held that the Eitzen disclosure did entitle him to make the claims. Thus interference No. 71,872 was declared between the Eitzen reissue application and the Dirkes and Roberts patent, the subject-matter of the interference being in substance claims 1, 3 and 5 of the Dirkes and Roberts patent. It will not be necessary to set forth the counts.

In accordance with Patent Office practice, preliminary statements were filed by both parties. In that of Dirkes and Roberts they alleged a date of conception subsequent to the filing date of Eitzen's original application. Thereupon, and also in compliance with the Patent Office rules, an order to show cause issued giving notice that judgment on the record would be entered against Dirkes and Roberts unless within the time set they could show cause why such action should not be taken. The defendant moved to dissolve the interference on the ground that Eitzen, in view of his disclosure, was not entitled to make the claims. That motion was denied and judgment of priority in favor of the Eitzen reissue application was entered on May 14, 1936. Dirkes and Roberts thereupon appealed to the Board of Appeals of the Patent Office. The Board of Appeals at

Gustav Drews, of New York City (Hans V. Briesen, of New York City, of counsel), for plaintiff.

Francis R. Stark, of New York City, for defendant.

GALSTON, District Judge.

This action is brought pursuant to the provisions of U.S.C.A., Title 35, § 63, (Revised

first, on July 6, 1937, reversed the judgment, but subsequently, on a petition for rehearing, reversed its holding and affirmed the award of priority to Eitzen. The defendant then appealed to the United States Court of Customs and Patent Appeals. That court, on May 3, 1939, Dirkes v. Eitzen, 103 F.2d 520, by a three to two decision reversed the Board of Appeals and held that award of priority should be made to Dirkes and Roberts, basing its decision on the sole ground that Eitzen's factual priority had been lost by virtue of an alleged estoppel in that he failed to comply with Patent Office Rule No. 109.

It is contended by the plaintiff that to impose estoppel under the conditions disclosed in the Patent Office proceedings was both unjust and unwarranted in law. Accordingly plaintiff brings this suit for a decree that Eitzen be declared the original inventor of the subject-matter of the three counts and further that the plaintiff be held entitled to receive letters patent of the United States for the same.

Rule 109 of the Rules of Practice of the Patent Office in part provides: "Any party to an interference may bring a motion to put in interference any claims already in his application or patent which should be the basis of interference between himself and any of the other parties. Any party to an interference may bring a motion to add or substitute any other application owned by him, as to the existing issue, or to include an application or a patent owned by him, as to claims which should be made the basis of interference between himself and any of the other parties."

█ It is to be noted that the language of the rule is permissive only, not mandatory; but it is urged that since the plaintiff failed to avail itself of the privilege of the rule in either of two interferences involving the defendant's patent and in which the plaintiff was a party, it should now be estopped from proceeding with this interference. One of the interferences in question, No. 69,776, was declared on January 7, 1935, between the defendant's patent and another application of Eitzen, serial No. 338,065, filed February 7, 1929. In that interference the single count was claim 2 of the Dirkes and Roberts patent. There was also an interference No. 69,956 declared on the same day, involving the same patent of the defendant, and an application of one Decker, serial No. 253,302, filed February 10, 1928, involving claim 9 of the patent.

Judgment was rendered against Dirkes and Roberts in those interferences, since the defendant's preliminary statements disclosed a date of conception later than that of both Eitzen and Decker.

The present interference between the Eitzen reissue application and the defendant's patent, was declared on December 6, 1935, and was pending in the Patent Office with the two prior interferences. Defendant contends that the plaintiff, having failed to avail itself of the right to bring claims 1, 3 and 5 of the defendant's patent and claimed in Eitzen's reissue application, in either of the other interferences, was estopped from thereafter making such claims the subject of an independent interference. The Eitzen claims, which later formed the counts of the third interference, had been finally rejected in the ex parte proceeding by the examiner on November 3, 1934. It was not until November 5, 1935, that the Board of Appeals reversed the decision of the examiner and held that Eitzen had the right to make the three claims in question. It is to be noted that meanwhile, on January 7, 1935, the other two interferences had been declared, at which time the Eitzen reissue application was under final rejection and on appeal to the Board of Appeals; and when the examiner, on December 6, 1935, declared the instant interference, the other interferences had been dissolved by the primary examiner with appeals pending by Eitzen and by Decker which were not decided until April, 1936.

On the merits the Patent Office record discloses that Eitzen was the prior inventor of the subject matter of the three counts in interference and unless he or his assignee, by act or failure to act, had violated a statute, or wilfully caused the defendant "to change its position" by fraud, there seems no reason why in all good conscience the matter should be decided on a tenuous technicality.

█ It is, of course, difficult to define the term "estoppel" in such a way as to cover all possible cases, but in general it may be observed, as was said in Williams v. Neely, 8 Cir., 134 F. 1, 11, 69 L.R.A. 232, by Judge Sanborn: "The indispensable elements of an estoppel are ignorance of the party who invokes the estoppel, a representation by the party estopped which misleads, and an innocent and deleterious change of position in reliance upon that representation."

It has been observed that Rule 109 is not mandatory; certainly, then, there is no statutory bar created in terms. Nor does it appear that there was any fraud or misrepresentation to create an equitable estoppel, or of an estoppel based on res adjudicata or other legal grounds. Clearly the defendant's position likewise was not impaired by the failure of the plaintiff to move under Rule 109. True it is put to the burden of defense in an independent interference. However, the defendant had in two other proceedings as well as in the instant proceeding, conceded priority of invention. As to the doctrine of res adjudicata, I cannot see how it can be applied here at all. The companion interferences related to particular species and incidentally were decided in favor of the plaintiff. To say that because the generic claims were not presented they became "res adjudicata" is a contradiction in terms and fact. It would seem to be a miscarriage of justice to bar this plaintiff on the ground here asserted. It must be emphasized that Eitzen followed the practice and had the sanction of other rules of the Patent Office. Thus he copied the three claims from the Dirkes patent and before declaration of interference, became subject to the provisions of Rules 63(d), 93, 94 and 95. Rule 95 in part provides that:

"Before the declaration of interference it must be determined that there is common patentable subject matter in the cases of the respective parties. The issue must be clearly defined and be patentable to the respective parties, subject to the determination of the question of priority."

Moreover, when the examiner in November, 1934, finally rejected the Eitzen claims before there was any interference, Eitzen appealed under the provisions of U. S.C.A., Title 35, § 57 (Revised Statutes No. 4909). All this was regular practice. The observation in United States v. American Bell Telephone Co., 167 U.S. 224, 247, 17 S.Ct. 809, 813, 42 L.Ed. 144, is pertinent: "A party seeking a right under the patent statutes may avail himself of all their provisions, and the courts may not deny him the benefit of a single one. These are questions not of natural, but of purely statutory, right. * * * No court can disregard any statutory provisions in respect to these matters on the ground that in its judgment they are unwise or prejudicial to the interests of the public."

See, also, Chapman v. Wintroath, 252 U. S. 126, 40 S.Ct. 234, 64 L.Ed. 491.

The path elected by Eitzen indicated diligence to bring about the present interference and having acted within the statutory authority he should not now be barred from asserting his rights. Reluctant to disagree with the court in Dirkes v. Eitzen, Cust. & Pat. App., 103 F.2d 520, 525, and with all due respect, I find the reasoning of Judge Bland in the dissenting opinion concurred in by Presiding Judge Garrett, convincing. Referring to Avery v. Chase, Cust. & Pat. App., 101 F.2d 205, he said:

"I took the position * * * that the Patent Office had no right to say by rule when estoppel applies and when it does not apply. If the party stood estopped in law, the Patent Office by rule might give notice that it would not apply it under certain circumstances but that if it existed at all its effect could not be avoided by the mere promulgation of a rule. It seems to me that, if restriction rather than extension of the rule is desired, there is about as much logic in declining to apply the doctrine of estoppel to a senior party when the junior party stands under order to show cause as there is under the circumstances outlined in rule 116. The courts announced before the adoption of rule 116, that it did apply under the circumstances recited in the rule. See In re Alexanderson, Cust. & Pat. App., 69 F.2d 541."

It is significant to read Rule 116 of the Patent Office in this connection. In part it says: " * * * and a party enjoying the status of a senior party with respect to any subject-matter of his application shall not be deprived of any claim to such subject-matter solely on the ground that such claim was not added to the interference by amendment under rule 109."

For the foregoing reasons the plaintiff may have a decree.