**In re ALLSOP et al.**

Court of Appeals of District of Columbia.
Submitted March 12, 1928. Decided
May 7, 1928.

No. 1962.

Patents ⊜109—Patentees, failing for four years to make any claims conflicting with another pending application, held estopped thereafter (35 USCA § 52).

Where patentees, after issuance of patent for steam-heated drying machine, failed to make any claims conflicting with another application for a period of about four years, during pendency of such application with full knowledge thereof, they were thereafter estopped from setting up claims conflicting therewith, since declaring an interference under Rev. St. § 4904 (35 USCA § 52; Comp. St. § 9449) and awarding priority at such time would operate to prejudice the public.

Appeal from the Commissioner of Patents.

Application for patent by Thomas Allsop and another. From a decision refusing to allow certain claims, petitioners appeal. Affirmed.

F. B. Fox, of Philadelphia, Pa., and E. G. Mason, of Washington, D. C., for appellants.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents refusing to allow claims 1 to 12, inclusive, 15, 16, 19, and 56.

The invention relates to steam-heated drying machines. The present application was filed November 14, 1919. There was then pending another application of appellants covering related subject-matter. A patent was issued on this prior application November 18, 1919, or four days after the present application was filed.

On March 19, 1920, Joseph L. Buckley filed an application, in which he copied 10 claims of appellants' patent. Interference was declared April 6, 1920, between the Buckley application and appellants' patent, and on May 4, 1923, priority was awarded

appellants. Buckley acquiesced in this award, and canceled the interfering claims. The Buckley application from its filing date contained claims that did not read on appellants' patent, and therefore, on July 8, 1924, a patent issued to Buckley carrying these claims.

Appellants' present application, when filed, contained no claims that conflicted with the claims of the Buckley application, but on September 12, 1924, or more than four years later, and after the issuance of the Buckley patent, appellants filed an amendment canceling all the claims of their application, and inserting 56 new claims, of which claims 2 to 7 and 56 are claims 1 to 7 of the Buckley patent. The Examiner, the Board of Examiners in Chief, and the Commissioner all ruled that in the circumstances appellants were estopped to make these claims.

Section 4904, R. S. (35 USCA § 52, Comp. St. § 9449), authorizes the Commissioner of Patents, upon the filing of an application which in his opinion "would interfere with any pending application, or with any unexpired patent," to declare an interference "to determine the question of priority of invention"; but there were no claims in appellants' application that conflicted with the claims of the Buckley application, and evidently "in the opinion of the Commissioner" the applications did not conflict. That the then view of the Commissioner was not unreasonable is made to appear, not only from the fact that appellants' application contained no conflicting claims, but from the further fact that appellants finally canceled all the claims in their application and amended their specification. In other words, for about four years, during the pendency of the Buckley applica-tion, appellants, with full knowledge of it, failed to make any claims conflicting therewith, and because of such failure the Buckley patent was issued without the declaration of an interference.

Since it required more than four years for appellants to discover interfering subject-matter in the two applications, it is not strange that the Commissioner did not of his own motion declare an interference. In the circumstances, he was quite justified, when he issued the Buckley patent, in assuming appellants would make no claim to the invention therein disclosed. Buckley was without fault, because he was without knowledge of appellants' application.

Should an interference now be declared, and priority awarded appellants, the public would be prejudiced. The Buckley patent is dated July 8, 1924, and since that time the public, of course, has been excluded from the practice of the invention. Should a patent be issued to appellants, it is apparent that the public would be excluded from practicing the invention for a further period of 17 years from its date. This result is directly attributable to the deliberate failure of appellants to act when they should have acted. The object of the patent laws is the stimulation of invention for the benefit of the public, and where, as here, the Commissioner of Patents acts in the interests of the public, and without prejudice to the real rights of applicants, he should be upheld.

The Patent Office has found, and we agree in the finding, that the other claims involved are drawn to the same general subject-matter as the claims to which we have referred. In our view, the decision was right, and is affirmed.

Affirmed.