23 C.C.P.A.(Patents)

## In re RHODES.
### Patent Appeal No. 3538.

Court of Customs and Patent Appeals.
Jan. 6, 1936.

E. Hume Talbert, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting appealed claims 14 to 17, inclusive, in appellant's application for a patent for an alleged invention relating to an agricultural implement for marking the ground for irrigation purposes.

The marking plows are designed to be raised or lowered as desired by the operator, and they may be laterally adjusted, but such adjustment depends upon the lateral adjustment of the wheels of the implement.

Claim 14 is illustrative. It reads:

"14. A marker of the character described comprising a pair of rearwardly extending U-shaped frame members of materially different spreads, said frame members being secured together with the narrower centrally disposed in the wider, so that the legs of the two lie in spaced relation, a shaft spanning the legs of said frame members, wheels positioned on said shaft between the corresponding legs of said frame members, ground working tools, rearwardly directed carriers for swingingly supporting said tools with said shaft as the axis of swinging movement, means for elevating and lowering said carriers, and means for adjusting the positions of the ground working tools in the direction of the axis of the shaft."

It appears from the record that the application here involved was filed December 6, 1929; that thereafter, on April 8, 1931, appellant filed application serial No. 528,648 for an improvement on the device disclosed in the involved application; and that an interference was declared between the latter application and an application of Bertorello, serial No. 456,164.

The claim constituting the count in that interference originated in Bertorello's application, and was copied by appellant for interference purposes. It read:

"A marker of the character described comprising a pair of rearwardly extending U-shaped frame members, a transversely disposed shaft secured to said frame members, adjustably mounted wheels positioned on said shaft, between said frame members, a marker frame supporting member secured to said shaft and extending rearwardly thereof, a segmental marker frame adjustably secured to said supporting member, means carried by one of said U-shaped frame members whereby to adjustably swing said supporting member, a marking frame, and an adjustably secured spreading member secured to said marker frame and positioned rearwardly thereof."

A final decision was entered in that case awarding priority of invention to the senior party, Bertorello.

It appears from the record, and it is conceded in the brief of counsel for appellant, that Bertorello's application involved in the interference proceeding, and his patent No. 1,916,250, subsequently issued thereon, disclosed in the drawings a structure upon which the appealed claims

read, although the involved invention was not claimed therein. It further appears that, although appellant's involved application was being prosecuted in the Patent Office during the pendency of the interference proceeding, he failed to file a motion, as he might have done under rule 109 of the Rules of Practice, United States Patent Office, requesting that that application, and claims to the involved invention, be put in interference, so that priority of invention might be determined.

The tribunals of the Patent Office concurred in holding that, as appellant failed to move to amend the interference by the insertion of his present application and claims to the involved invention, in accordance with the provisions of rule 109, he was estopped from presenting claims to the involved invention, and accordingly rejected the appealed claims.

It is contended by counsel for appellant that the doctrine of estoppel has no application in the case at bar, because the subject-matter of the appealed claims is different from that involved in the interference proceeding, and also because, although Bertorello disclosed the involved invention, he did not claim it.

During the pendency of the interference proceeding, appellant had access to Bertorello's application, and presumably knew that the involved invention was clearly disclosed therein. It was his duty, therefore, if he desired to contest the issue of priority of the involved invention with Bertorello, to present that issue in the interference then pending between them, in accordance with rule 109. Having failed to do so, and as he was the losing party in that interference proceeding, appellant was thereafter estopped from presenting claims to that invention. Nor does the fact that Bertorello's application contained no claim to the involved invention alter the situation. For, as stated in the case of Blackford v. Wilder, 28 App. D.C. 535, 551, the decision in the interference proceeding was "conclusive of every question that not only was, but also might have been, presented and determined in that case." In re Brashares, 74 F.(2d) 751, 22 C.C.P.A. (Patents) 873, and cases cited.

In view of the facts of record, appellant is estopped from presenting claims for the involved invention.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

BLAND, Judge (specially concurring).

I concur in the decision of the majority on account of the use of the word "clearly" in the phrase "and presumably knew that the involved invention was clearly disclosed therein."

While it has been frequently held that every question that was or might have been presented for determination in an interference case is presumed to be concluded, none of the decided cases show a state of facts on all fours with that at bar here, and it must be recognized that this case extends the estoppel doctrine further than it ever has been applied except in the use of broad language employed under circumstances differing from those at bar.

The so-called doctrine of estoppel is a harsh one and not favored by the courts. Nevertheless, the Patent Office and the courts have found it a wholesome one to apply where the party to which the estoppel is applied neglected or refused to contest priority on a part of the inventive subject-matter in his adversary's application.

In the instant case we must assume that Bertorello's drawings so "clearly" disclosed, as part of his invention not claimed, the subject-matter which is now claimed by appellant, that appellant, if diligent, must have recognized while in the interference the importance of the disclosure.

I especially wish to reserve for future consideration the question here decided when it concerns certain disclosures in drawings made by draftsmen or otherwise which are so incidental in character to the invention described in the specification as might easily be overlooked by a diligent contestant in an interference case. One should not be held to be in an inequitable position who has failed to present a claim of priority in that which would ordinarily be overlooked by a diligent, capable patent interference litigant.