### E. I. DU PONT DE NEMOURS & CO. v. COE.

#### No. 6676.

United States Court of Appeals for the District of Columbia.

Decided Feb. 1, 1937.

Chester H. Biesterfeld, of Washington, D. C., for appellant.

R. F. Whitehead, Solicitor of Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District (now District Court of the United States) dismissing appellant's bill, filed under section 4915, R.S., as amended (35 U.S.C.A. § 63), seeking to authorize the issuance of a patent to appellant, assignee of applicant Bowers.

Bowers, on October 27, 1922, filed in the Patent Office application No. 597,417. On March 27, 1928, interference No. 56,-609 was declared involving that application, an application of Foster, and a joint application of Jaeger and Cannon. A single count only was involved in the interference. Bowers moved to dissolve on the ground that the count was unpatentable over the prior art. On February 5, 1929, the interference was dissolved on that ground.

On the same day that interference No. 56,609 was declared (March 27, 1928), a two-party interference, No. 56,608, was declared on the same applications of Foster, and Jaeger and Cannon. Two of the counts involved in the two-party interference were the claims now sought to be allowed in the Bowers application here on appeal. About seven months after the conclusion of interference No. 56,609, in which Bowers was directly involved, he filed a new application, No. 388,267, and inserted therein the two claims here in question. Meanwhile, the assignee of the joint application of Jaeger and Cannon had moved to substitute therefor in the second or two-party interference the sole application of Jaeger. This motion was allowed, and a third interference, No. 57,990, was declared involving the two claims here on appeal. Bowers' later application, No. 388,267, was added to this interference, but he was held to be estopped to make the two claims because of his failure to present them during the first interference. The claims were also held to be unpatentable to him in view of the patent which had in the meantime been issued on his earlier application. Thereupon he filed an application, No. 451,126, for a reissue of that patent, and included therein the two claims here involved. A motion to substitute the reissue application in the third interference, No. 57,990, was denied by the Examiner of Interferences on the ground of estoppel. After that ruling had been made final, the present suit was brought.

The first Bowers application (No. 597,-417) having been involved in the first interference with the applications of Foster, and Jaeger and Cannon, Bowers had access to the applications of those parties, and, since the two-party interference was pending at the same time, Bowers had knowledge of the presence in those applications of the two claims involved in this

suit; but, notwithstanding that knowledge, those claims were not presented at that time, and no motion was made under the then provisions of Patent Office Rule 109 for a declaration of an interference. The rule at that time provided that an applicant involved in an interference might within the time fixed by the Examiner of Interferences, on motion made, "file an amendment to his application containing any claims which in his opinion should be made the basis of interference between himself and any of the other parties." Failing to bring forward these claims within the period provided in Rule 109 when Bowers had full knowledge that they were being contended for by his opponents, the Patent Office tribunals ruled that the right later to present the claims was lost.

We agree with the ruling of the Patent Office and the court below, and such has been the uniform ruling in this court. New Departure Mfg. Co. v. Robinson (1913) 39 App.D.C. 504. In Re Capen (1915) 43 App.D.C. 342, 343, we said: "The object of this rule obviously is to require the parties to an interference to have determined in that proceeding all rights growing out of their respective applications. In other words, the rule affords either party to an interference full opportunity to put in issue matter which he may think patentable or common to the interfering applications, but which was not included in the interference as originally declared by the primary examiner." This ruling was followed in Application of Doble (1926) 57 App.D.C. 10, 16 F.(2d) 350, and in Re Allsop (1928) 58 App.D.C. 187, 26 F.(2d) 559, 560, in which we said: "Should a patent be issued to appellants, it is apparent that the public would be excluded from practicing the invention for a further period of 17 years from its date. This result is directly attributable to the deliberate failure of appellants to act when they should have acted. The object of the patent laws is the stimulation of invention for the benefit of the public, and where, as here, the Commissioner of Patents acts in the interests of the public, and without prejudice to the real rights of applicants, he should be upheld."

It follows that the decree must be affirmed.

Affirmed.