**AMERICAN CYANAMID CO. et al. v. COE, Commissioner of Patents.**

**No. 7158.**

United States Court of Appeals for the District of Columbia.

Decided June 30, 1939.

Walter M. O'Brien, of Washington, D. C., and L. A. Watson, of New York City, for appellants.

R. F. Whitehead, of Washington, D. C., Solicitor, United States Patent Office, for appellee.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from an order of the District Court of the United States for the District of Columbia dismissing a bill of complaint after a hearing on the merits. The bill was filed by the appellants under Rev.Stat. § 4915, 35 U.S.C.A. § 63, to secure an order authorizing the appellee Commissioner of Patents to issue a patent to the appellant American Cyanamid Company. The trial court ruled that the plaintiffs were estopped to assert the claims herein because they failed to assert them, under Patent Office Rule 109, in an interference proceeding. The rule referred to reads, so far as here pertinent:

"109. An applicant involved in an interference may, within a time fixed by the examiner of interferences not less than thirty days after the preliminary statements (referred to in rule 110) of the parties have been received and approved, or

---

852

if a motion to dissolve the interference has been brought by another party, within thirty days from the filing thereof, on motion duly made as provided by rule 153, file an amendment to his application containing any claims which in his opinion should be made the basis of interference between himself and any of the other parties.

\*　　\*　　\*

"Any party to an interference may bring a motion to put in interference any claims already in his application or patent which should be made the basis of interference between himself and any of the other parties. Any party to an interference may bring a motion to add or substitute any other application owned by him, as to the existing issue, or to include an application or a patent owned by him, as to claims which should be made the basis of interference between himself and any of the other parties. Such motions are subject to the same conditions and the procedure in connection therewith is the same, so far as applicable, as hereinabove set forth for motions to amend."

For convenience in stating the facts and discussing them and comparing them, as will be necessary, with the facts in International Cellucotton Products Co. v. Coe, 1936, 66 App.D.C. 248, 85 F.2d 869, and E. I. Du Pont De Nemours & Co. v. Coe, 1937, 67 App.D.C. 42, 89 F.2d 679, we print a graph, used by counsel in the oral argument, representative of the facts in the instant case and in the two others mentioned. In the graph the facts of the instant case are represented by Illustration 1, those of the Cellucotton case by Illustration 2, and those of the Du Pont case by Illustration 3.

Illustration 1

Case at Bar

Illustration 2

Cellucotton Case

Illustration 3

Du Pont Case

The facts, which were stipulated, are as follows:

In the instant case, Goldschmidt and Neuss filed Application No. 591,639, referred to as Application A, for an invention, referred to as invention X. The same inventors also filed Application No. 628,593, referred to as Application B, for invention Y. The trial court found that these applications involved related, but different, inventions. It found also that Application A did not disclose and could not claim invention Y. Both applications are now owned by the appellant American Cyanamid Company.

Ellis filed Application No. 689,165, referred to as Application C, claiming therein both inventions X and Y. Interference No. 58,965, which will be referred to as Interference I, was declared between Applications A and C, in respect of invention X. The Examiner awarded certain counts to Ellis and certain others to Goldschmidt and Neuss. Shortly before this award was made, Ellis transferred his claims to Y to a divisional application. But no issue is raised as to the effect of this transfer, so that the Ellis application may be treated as if it were still the original Application C. A patent was issued to Ellis under the divisional application.

On motion of Goldschmidt and Neuss, an interference, which will be referred to as Interference II, was declared between their Application B for invention Y and the Ellis Application C. This interference was in respect of invention Y. But upon motion of Ellis the Examiner dissolved Interference II upon the ground that Goldschmidt and Neuss were estopped by reason of failure to move under Rule 109 to have their Application B brought into Interference I. Application B was then denied ex parte by the Commissioner on the basis of the estoppel. The present bill was brought to attack this ruling, but the ruling was sustained by the trial court.

The appellants rely upon International Cellucotton Products Co. v. Coe, supra. The Commissioner contends that it is distinguishable. In that case Bauer filed Application No. 687,012, referred to as Application A, for a machine referred to as invention X. Thompson filed Application No. 148,322, referred to as Application B, for invention Y, an attachment for the same machine. Williams filed Application No. 98,050, referred to as Application C, for both inventions X and Y. Application A did not disclose and hence could not claim invention Y. The Cellucotton Company then became the owner of Applications A and B. The Commissioner declared an interference, which will be referred to as Interference I, between Applications A and C with respect to invention X. Cellucotton made no motion to bring into this interference Application B for invention Y. Interference I terminated in an award of priority to Bauer (Cellucotton) and a patent was issued to Cellucotton on Application A for invention X. The Commissioner then declared an Interference II between Applications B and C as to invention Y, but, on motion of Williams, dissolved this interference upon the ground of estoppel of Cellucotton for failure, as above said, to move to add Application B to Interference I. Bill of complaint was filed under Rev.Stat. § 4915 to attack this ruling. The trial court sustained the ruling but we reversed, holding that estoppel in such cases rests upon the doctrine of res adjudicata and that under that doctrine Cellucotton was not estopped to assert the claims of Application B for invention Y for the reason that they could not have been made issues in Interference I. That they could not have been made issues was conceded by the Commissioner and found by the trial court in that case. The instant case and the Cellucotton case are, we think, upon all fours and the latter therefore controls the instant case. There is but one difference in the facts of the two cases: In the instant case Applications A and B for inventions X and Y respectively were filed by the same inventors, Goldschmidt and Neuss, whereas in the Cellucotton case Applications A and B for inventions X and Y respectively were filed by different inventors, Bauer filing Application A and Thompson Application B. But in both cases the applications came into common ownership—of the appellant American Cyanamid Company in the instant case, and of the International Cellucotton Products Company in the Cellucotton case— the parties against whom in each case respectively an estoppel was urged. We think this difference between the two cases is not a distinction in the legal sense for the reason that the pertinent portion of Rule 109 has to do with the owners of applications rather than with inventors. It says: "Any party to an interference may bring a motion to add or substitute any other application owned by him, as to the existing issue, or to include an ap-

plication or a patent owned by him, as to claims which should be made the basis of interference between himself and any of the other parties."

The trial court in the instant case was of the view, as indicated in a memorandum opinion, that the Cellucotton case is distinguishable.[1] But, as we have just demonstrated, there is no material difference between the two cases.

It is additionally contended, however, by the appellee Commissioner that if the instant case and the Cellucotton case are not distinguishable, nevertheless the Cellucotton case has been overruled by the case of E. I. Du Pont de Nemours & Co. v. Coe, supra. In that case one Bowers had filed an Application A disclosing inventions X and Y but claiming, as originally filed, only invention X.[2] One Foster had filed an Application B, and Jaeger and Cannon had filed an Application C. Applications B and C claimed both inventions X and Y. An interference, referred to herein as Interference I, was declared between Applications A, B and C in respect of invention X and priority was determined in favor of Application A and a patent issued to Bowers. Bowers later applied for a reissue of the patent on Application A in order to include invention Y. This application is referred to as A2. He then moved to have this application added to

an Interference II, which was then pending between Applications B and C as to invention Y. The motion was denied on the ground of estoppel under Rule 109 and the reissue to claim invention Y was refused. The denial by the Patent Office of this motion was sustained by the trial court, and by this court on appeal.

It was not intended by the Du Pont case to overrule the Cellucotton case. The two cases are distinguishable in that in the Cellucotton case Bauer's Application A neither claimed nor disclosed invention Y; whereas in the Du Pont case, while Bowers' original Application A did not claim invention Y, it did disclose it, so that it was included in the Bowers reissue Application A2.

We are aware that the case of In re Chase, 1934, 71 F.2d 178, decided by the Court of Customs and Patent Appeals and cited in the Cellucotton case as supporting the view therein taken, has, by a divided court (Bland, A. J., and Garrett, P. J., dissenting), been overruled. Avery v. Chase, Cust. & Pat.App., 1939, 101 F.2d 205. With all proper respect for the change of view by the majority in the Court of Customs and Patent Appeals, we feel obliged to adhere to the position taken in the Cellucotton case.

Reversed.

---

[1] The trial court, referring to our decision in that case, said:

"The Court of Appeals reversed the decree, saying:

"'Under the doctrine res judicata the appellant is not estopped to assert claims 23, 33, 34, 37 and 38 [the claims to invention Y] of the Thompson application, *for the reason that,* as conceded by appellee and found by the trial court, *they could not have been made issues in the first interference.* Accordingly the decree of the trial court herein is reversed.'

"The Cellucotton Case is wholly different from the instant case. There Cellucotton was not estopped to assert the claims of the Thompson application because they could not have been made issues in the first interference between Bauer and Williams; whereas, in the instant case, while in the first interference, between Goldschmidt and Neuss' Application No. 591,639 [Application A for invention X] and Ellis' Application No. 689,165 [Application C for X and Y], Goldschmidt and Neuss' application 'did not disclose and could not claim the in-

vention in the case at bar,' [invention Y] yet Ellis' application in that interference did disclose the invention [Y] claimed by Goldschmidt and Neuss in their second application, No. 628,593. . . . That being true, the claims here in issue (from Goldschmidt and Neuss' second application) could have been made issues in the first interference. Therein lies the vital distinction between the Cellucotton Case and the case at bar."

[2] The fact that Application A disclosed both inventions X and Y is not expressly stated in the opinion in the Du Pont case. It does appear in the record, and is implied in the opinion in that, when Bowers filed a new application claiming invention Y after a patent had been issued to him on his first application which had claimed X, the Patent Office ruled that instead of filing a new application he should have applied for a reissue of his patent to include the claim to invention Y. The reissue to include Y could not have been granted unless that invention had been disclosed in the original application.