**AMERICAN VISCOSE CORPORATION v. COE, Commissioner of Patents.**

No. 7148.

United States Court of Appeals for the District of Columbia.

Decided June 30, 1939.

Hubert Howson, of New York City, Chas. H. Howson, of Philadelphia, Pa., and William A. Smith, Jr., of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C., Solicitor, United States Patent Office, for appellee.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from a decree of the District Court of the United States dismissing, after a hearing on the merits, a bill in equity seeking, under Rev.Stat. § 4915, 35 U.S.C.A. § 63, an order authoriz-

---

ing the appellee, Commissioner of Patents, to issue a patent to the appellant, American Viscose Corporation. The dismissal was upon the ground that the appellant's assignors, the original applicants, were estopped to make claim 12 in their application for failure to do so by amendment, under Rule 109 of the Patent Office, during the progress of an interference.

So far as here pertinent Rule 109 provides:

"109. An applicant involved in an interference may, within a time fixed by the examiner of interferences not less than thirty days after the preliminary statements (referred to in rule 110) of the parties have been received and approved, or if a motion to dissolve the interference has been brought by another party, within thirty days from the filing thereof, on motion duly made as provided by rule 153, file an amendment to his application containing any claims which in his opinion should be made the basis of interference between himself and any of the other parties."

The appellant's assignors, Glover and Heaven, made application for a patent upon an improved process for the manufacture and production of viscose artificial silk threads with the particular object of reducing the lustre of the threads. Claims 3 to 9 of the application were held patentable by the Board of Appeals. An interference was then declared between the applications of Glover and Heaven, of Karplus, and of Borzykowski and Heck. There were two counts in the interference, corresponding to claims 3 and 5 of Glover and Heaven. Their claims 4 and 6 to 9 were held by the Examiner of Interferences to be subject to rejection as unpatentable over the issue in the event of a determination of the interference adversely to Glover and Heaven. This interference was dissolved by the Examiner of Interferences on motion of Karplus upon the ground that the counts were unpatentable as indefinite and unsuitable for the determination of priority, and that count 1 was unpatentable over the prior art. For the same reasons the Primary Examiner finally rejected the claims of Glover and Heaven. In order to remove the objections of indefiniteness and anticipation, Glover and Heaven then offered to amend their application by substituting claims 10 and 11 for the rejected claims. But these two claims were themselves rejected by the Acting Examiner upon the ground that they were indefinite and that they involved new matter (in the sense of matter not included within the specification) and also upon the ground of estoppel for failure to amend under Rule 109 before the dissolution of the interference. This ruling was affirmed by the Board of Appeals in respect of the new matter and of the estoppel but not in respect of indefiniteness, the Board holding that the offered claims 10 and 11 sufficiently corrected the indefiniteness of the previous claims. Glover and Heaven then moved to substitute claim 12, so drawn as to remove all objections except that of estoppel, and the Supervisory Examiner permitted this substitution. Thus the question of estoppel alone was left for consideration in the equity proceedings. The applications of Karplus and of Borzykowski and Heck are out of the case, the application of Borzykowski and Heck having been abandoned and the priority of Glover and Heaven over Karplus having been conceded by the latter.

Claim 3, which was to be corrected for indefiniteness by claim 12, reads as follows:[1]

"3. Viscose artificial threads, filaments and the like possessing a reduced lustre and containing a small quantity of a high boiling non-solid petroleum body."

Claim 12 reads thus:

"12. Viscose artificial silk thread containing a small proportion of a high boiling petroleum dispersed throughout the body of the thread for the purpose set forth, the quantity of petroleum being from about one per cent and upwards by weight of the thread, depending upon the degree of dulling required."

The Commissioner in support of the rulings of the Patent Office and of the trial court relies upon such cases as E. I. Du Pont de Nemours & Co. v. Coe, 1937, 67 App.D.C. 42, 89 F.2d 679, International Cellucotton Products Co. v. Coe, 1936, 66 App.D.C. 248, 85 F.2d 869, and In re Capen, 1915, 43 App.D.C. 342. These cases recognize that, under certain circumstances, an applicant may be estopped to amend his claim after the dissolution of an interference. But the rule of estoppel for failure to amend pursuant to Rule 109 has, in our view, no application to situations

---

[1] It is not made to appear what disposition was made of claim 5, corresponding to count 2, but no point is made in the briefs concerning claim 5.

where an interference is dissolved because of the form, rather than the substance, of the claim involved[2] and where the motion to amend is for the purpose only of correcting the defect in form.

The Commissioner contends that claim 12 is an amendment of claim 3 not only in form but also in substance, and for this point relies upon Holland Furniture Company v. Perkins Glue Company, 1928, 277 U.S. 245, 48 S.Ct. 474, 72 L.Ed. 868, and General Electric Co. v. Wabash Appliance Corp., 1938, 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402. But these cases are not pertinent. They hold merely that claims are not patentable if stated in functional form. As has been stated above, there is no question of the patentability of claim 12. And comparison of claims 3 and 12, in connection with the specification, makes clear, we think, that claim 12 corrects claim 3 in form alone.

We rest our decision that the rulings of the Patent Office and the trial court were incorrect upon what has been thus far stated. But we note in addition that, since the abandonment by Borzykowski and Heck and the concession of priority by Karplus make a redeclaration of the interference unnecessary, and since no question of patentability is involved, a denial of the right to correct claim 3 in form alone by the substitution of claim 12, would be a denial of patent on purely formal rather than substantial grounds.

In accordance with the foregoing the decree of the trial court is

Reversed and the case remanded for further proceedings in accordance with this opinion.

---

[2] Although unpatentability of count 1 over the prior art was also stated as a ground for the dissolution of the interference, the bill alleges and the answer admits that the only real ground was that of indefiniteness.