**TINNERMAN PRODUCTS, Inc., et al. v. COE, Commissioner of Patents.**

No. 14822.

District Court of the United States for the District of Columbia.

June 9, 1943.

338

Bates, Teare & McBean, of Cleveland, Ohio, and Smith, Michael & Gardiner, of Washington, D. C. (Albert R. Teare, of Cleveland, Ohio, and Donald A. Gardiner, of Washington, D. C., of counsel), for plaintiff.

W. W. Cochran, Solicitor of the Patent Office, of Washington, D. C., (R. F. Whitehead, of Washington, D. C., of counsel), for defendant.

LUHRING, Justice.

The plaintiff seeks the issuance of a patent pursuant to R.S. § 4915, 35 U.S.C.A. § 63, based on the application of the individual plaintiff and the assignor, Serial No. 247,158, containing claims 1, 2, 3, 12, 13, 14, 15, 16 and 18 to 26, inclusive. Claim 21 has been withdrawn and is not to be considered.

The Patent Office rejected all of the claims on the ground that the applicant and his assignee were estopped to present these claims by reason of their failure to bring the application forward during the motion period in interferences involving other applications of Tinnerman. Claim 12 was additionally rejected in view of the patent to Ross, No. 2,137,883.

The records of the Patent Office disclose that Interference No. 76,815 was declared between the application in suit, Serial No. 247,158, and the applications of one Harold W. Kost, Serial Nos. 124,317 and 152,188. The Tinnerman application here involved was filed December 22, 1938, fifteen days after the expiration of the motion period in previous interferences wherein Tinnerman was involved with Kost, numbered 75,754, 75,756 and 75,757, and twenty-four days after the expiration date in Interference 75,845 between him and Kost.

Kost moved to dissolve Interference No. 76,815 on the ground that Tinnerman was estopped to contest the counts in view of the fact that his application, Serial No. 247,158, was filed after the expiration of the motion period in these prior interferences, and his motion to add the application in any of the interferences was not filed within the time allotted for the filing of the motions therein.

The Examiner sustained the motion to dissolve saying: "An examination shows that the present claims could not have been made in any one of the three Tinnerman cases in the above four interferences. The Examiner has carefully considered this feature, but as it is not disputed, is not discussing the reason for this conclusion. The present situation is therefore substantially on all fours with that presented in American Cyanamid Co. et al. v. Coe [70 App.D.C. 330, 106 F.2d 851] decided by the Court of Appeals of the District of Columbia. The distinction is that in that case the party Goldschmidt, et al. had on file an application which might have been put into interference with the Ellis application, while here it was necessary for Tinnerman to file such an application. The decision in the above case was that no estoppel lay against Goldschmidt et al. owned by Cyanamid Company and if this alone controlled the Examiner would be compelled to hold that there is no estoppel in this case, but the Court of Appeals in the above case admitted that it was at variance with the Court of Customs and Patent Appeals as expressed in Avery v. Chase, 1939, [101 F.2d 205, 26 C.C.P.A., Patents, 823]. The Court of Customs and Patent Appeals has reiterated its position in Dirkes et al. v. Eitzen [103 F.2d 520], 26 C.C.P.A., [Patents, 1198]. The Examiner is more persuaded by the reasoning in the decision of the Court of Customs and Patent Appeals."

After the termination of Interference No. 76,815, Tinnerman prosecuted his application ex parte and, as we have seen, all claims were finally rejected by the Patent Office on the ground of estoppel.

Notwithstanding the cases of Avery v. Chase, 101 F.2d 205, 26 C.C.P.A., Patents, 823, and Dirkes et al. v. Eitzen, 103

F.2d 520, 26 C.C.P.A., Patents, 1198, upon which the Patent Office tribunals rely, this court is bound by the decisions of the United States Court of Appeals for the District of Columbia in International Cellucotton Products Co. v. Coe, 1936, 66 App. D.C. 248, 85 F.2d 869, and American Cyanamid Co. v. Coe, 70 App.D.C. 330, 106 F.2d 851, and, therefore, holds that no estoppel exists.

Claim 12, which was additionally rejected as unpatentable in view of the prior art as exemplified by the patent to Ross, No. 2,137,883, reads as follows: "A fastener comprising a sheet metal strip adapted to be passed through an aperture in a structure and having an imperforate surface extending across and sealing the aperture, said strip being offset intermediate the ends thereof to provide one portion which underlies the structure and another part which overlies the structure, the underlying portion having a prong struck upwardly therefrom for engaging a wall of the aperture and for locking the fastener to the structure, and the overlying portion extending substantially parallel to the underlying portion and bearing against said structure."

The invention relates to a sheet metal nut and, as stated by Tinnerman in his application, "particularly to one which is adapted to be used in an assembly where it is necessary for the fastener to retain itself in bolt receiving position prior to the insertion of the bolt."

The important purpose of the invention, as explained in the application, is "the provision of means formed as an integral part of the nut for securing it to the structure with which it contacts in such manner that it is not only fixedly held in position, but that the perforation in the structure through which the nut attaching means passes is closed or sealed by the securing means." The device is peculiarly adapted for use in the assembly of an automobile body, where parts are accessible from only one side and where the opening through which the fastener is passed must be sealed in order to prevent the entrance of water and other foreign substance, as, for example, the installation of a fender. This was clearly demonstrated by the evidence and, furthermore, it appears that because it is easily and quickly installed, the use of this device by Packard resulted in a saving of forty-nine cents per car, which amounted on three models in one year's production to over $60,000.

The Court cannot accept the Ross patent as a reference barring the approval of claim 12. Ross was not confronted with the same problem and did not teach its solution. His device is incapable of use as a fender nut or for the purpose of preventing the entrance of water or other foreign substances, since it lacks, in the language of claim 12, "an imperforate surface extending across and sealing the aperture."

In view of what has been said, the finding must be for the plaintiffs that all claims in issue are patentable and the defendant should be authorized to issue the patent.

It is so ordered and counsel for plaintiff will prepare and submit proper findings of fact and conclusions of law, together with appropriate judgment for the Court's signature.