**EDGERTON v. KINGSLAND, Commissioner of Patents.**

**No. 9363.**

United States Court of Appeals
District of Columbia.

Argued March 6, 1947.

Decided Dec. 4, 1947.

Mr. David Rines and Mrs. Joan Rines Needleman, both of Boston, Mass., of the bar of the Commonwealth of Massachusetts, pro hac vice, by special leave of court, with whom Mr. Frank W. Dahn, of Washington, D. C., who entered an appearance, was on the brief, for appellant.

Mr. E. L. Reynolds, United States Patent Office, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., who entered an appearance, was on the brief, for appellee.

Before STEPHENS, EDGERTON and WILBUR K. MILLER, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from a judgment of the District Court of the United States for the District of Columbia dismissing the complaint in Civil Action No. 30,484 under Rev.Stat. § 4915 (1875), 35 U.S.C.A. § 63. In this complaint the appellant sought judicial authorization of the allowance of claims 12 and 14 of his application Serial No. 311,724 filed December 30, 1939, for a patent on an electric system. The claims purport to describe an oscillatory condenser charging circuit. The District Court found that the appellant had failed to present corresponding claims in a previous application involved in an interference and concluded that thereby the appellant had forfeited the claims by virtue of an estoppel.

The record supports the finding. The facts shown are as follows: On February 5, 1934, Miller application Serial No. 709,-901 was filed in the Patent Office. This application eventuated in a patent No. 2,-C73,247 granted March 9, 1937. On April 5, 1938, an application by Miller, Serial No. 200,090, for a reissue of this patent was filed. Both the Miller patent and the Miller reissue application contained as claims 7 and 14 claims identical with claims 12 and 14 of the appellant's application Serial No. 311,724 involved in the instant case. On July 29, 1935, the appellant filed application Serial No. 33,733. This involved the same subject matter as appellant's application Serial No. 311,724 but did not when filed contain claims corresponding to claims 12 and 14. In February, 1939, appellant's application Serial No. 33,733 was placed in Interference 76,771, Edgerton v. Miller, with the reissue application of the Miller patent. The issue of the interference did not include claims identical with claims 12 and 14 of the appellant's application Serial No. 311,724 and the appellant did not, as he might have done under Rule 109 of the

Patent Office, petition to add such identical claims to the issue.[1] Priority in the interference was awarded the appellant by the Examiner of Interferences and this award was affirmed by the Board of Appeals on September 30, 1941. On March 28, 1942, the appellant presented by amendment to his application Serial No. 33,733 claims 57 and 59, which were identical with claims 7 and 14 of the Miller patent and reissue application and with claims 12 and 14 of the appellant's application Serial No. 311,-724 involved herein. The Primary Examiner rejected claims 57 and 59 on the ground of estoppel for failure to present them in the Edgerton-Miller interference. An appeal to the Board of Appeals was dismissed December 20, 1943, for lack of prosecution.

The conclusion of the District Court, that by virtue of the appellant's failure to present in the Edgerton-Miller interference claims identical with those involved in the instant appeal he forfeited his right to make them, is correct as a matter of law. It is incumbent upon a party to an interference to move to include therein all claims which are issuable upon which he wishes to rely. Failing to do so he is, after the termination of the interference, barred as to such claims. E. I. Du Pont De Nemours & Co. v. Coe, 1937, 67 App.D.C. 42, 89 F.2d 679. Cf. American Cyanamid Co. v. Coe, 1939, 70 App.D.C. 330, 106 F.2d 851, and International Cellucotton Products Co. v. Coe, 1936, 66 App.D.C. 248, 85 F.2d 869.

Other grounds upon which the District Court dismissed the appellant's complaint need not be discussed.

The dismissal is

Affirmed.

---

[1] Rule 109 provides: "An applicant involved in an interference may, within a time fixed by the examiner of interferences not less than thirty days after the preliminary statements (referred to in rule 110) of the parties have been received and approved, or if a motion to dissolve the interference has been brought by another party, within thirty days from the filing thereof, on motion duly made as provided by rule 153, file an amendment to his application containing any claims which in his opinion should be made the basis of interference between himself and any of the other parties. * * * Any party to an interference may bring a motion to add or substitute any other application owned by him, as to the existing issue, or to include an application or a patent owned by him, as to claims which should be made the basis of interference between himself and any of the other parties." (35 U.S.C.A.Appendix, Rule 109).